```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
JENNIFER KLASKE                 :     CIVIL ACTION
                                :
        v.                      :
                                :
SPHERION CORP., et al.          :
                                :     NO. 05-5121
```

MEMORANDUM

Dalzell, J.                                       May 12, 2006

      On November 22, 2005, we issued a scheduling order for this case in which we required the parties to file any motions for summary judgment by March 22, 2006, and any responses thereto by April 5, 2006.  See Order of Nov. 22, 2005 ¶¶ 2-3.  Defendants filed a timely motion for summary judgment.  Plaintiff did not respond by April 5, 2006 or at any later date, nor did she file a motion for enlargement of time to respond.

      On May 11, 2006, more than five weeks after plaintiff's response was due, we granted summary judgment in favor of defendants.  Plaintiff then filed a "motion for reconsideration of defendants' motion for summary judgment," attaching a brief in support of her motion and a brief in opposition to defendants' motion.[1]  We now consider the motion for reconsideration, and do

---

[1] Plaintiff's response attaches what is labelled "Affidavit of Jennifer Klaske."  This signed "affidavit" is not notarized, sworn to, or even dated, see Pl.'s Resp. Ex. C, thereby making it inadequate under Fed. R. Civ. P. 56(e).  See Adickes v. S. H. Kress & Co., 398 U.S. 144, 158 n.17 (1970) (unsworn statement did not meet the requirements of Fed. R. Civ. P. 56(e)).  The only other exhibits appended to plaintiff's response that were not included with defendants' motion are: (1) an e-mail exchange of July 8, 2003 mentioning Klaske as a candidate for the IMF job and setting up an interview time, see Pl.'s Resp. Ex. A; and (2) some additional pages from Spherion's Policy Manual, see id. Ex. B.  None of the information provided in these exhibits alters the analysis set forth at length in our
(continued...)

so at some length given counsel's eyebrow-raising contentions.

Defendants served their motion for summary judgment upon plaintiff electronically.  See Def.'s Mot. for Summ. J. Certificate of Serv.  Plaintiff's counsel claims he was unaware that defendants attempted this service, and that he "was not under the belief that it has ever agreed to accept service electronically."  Pl.'s Mot. ¶ 3.

We draw counsel's attention to the "Electronic Case Filing (ECF) Account Registration Form," dated November 14, 2005, that he signed.  Paragraph three states:

> In accordance with the provisions of Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure and Section 7 of the ECF Procedural Order, I agree that service may be given to me by electronic transmission and I consent to make electronic service of all documents.

See Letter of Nov. 15, 2005 from counsel to Clerk of Court, attaching copy of on-line application dated Nov. 14, 2005.  Given this express language, we fail to understand how a member of the Bar could harbor any confusion -- or contrary "belief" -- regarding electronic service.

Moreover, counsel was apparently aware of defendants' motion by March 30, 2006 at the latest, since he e-mailed defendants' counsel asking if they would serve him with the motion.  See Pl.'s Mot. Ex. A.  Defendants' counsel responded to this e-mail four minutes after she received it, stating that

---

[1](...continued)
May 11, 2006 Order.  Accordingly, even if we considered Klaske's response, she has failed to raise a genuine issue of material fact, and so summary judgment for defendants would remain appropriate.

defendants had served the motion and that she would figure out what had happened and send another copy that day.  See id.

Despite his express agreement to electronic service on November 14, 2005, plaintiff's counsel complains that defendants never served a hard copy of their motion.  See id. ¶ 5.  He represents to us that he was "unable to open the Motion and view it on or before the April 5, deadline in the scheduling order."  Id. ¶ 6.  He further claims that he "filed the paperwork after April 5 so that he could access the documents," and only "[a]fter overcoming technological difficulties" was he "able to open and review the Motion and attachments on or about April 12, 2006."  Id.  Given that counsel completed the ECF Form on-line on November 14, 2005, and mailed it to the Clerk of Court the next day, we are mystified by his purported inability to access any document five months later.

In a final attempt to excuse his gross tardiness, counsel declares that he "erroneously diaried the response to the Motion as being required on May 12, 2006."  Id. ¶ 7.  Counsel does not bother to mention our November 22, 2005 scheduling order, which explicitly set a response date of April 5, 2006.

Based on this tale of purported lack of service, problems with the electronic docketing system, and a mistaken notation about the response due date, counsel asks us to set aside our judgment under "F.R.C.P. 60(b)(2)."[2]  Id. ¶ 12.  He

---

[2] Fed. R. Civ. P. 60(b)(2) permits a court "[o]n motion and upon such terms as are just, . . . [to] relieve a party . . . from a final judgment, order, or proceeding for . . . (2) newly
(continued...)

apparently expects us to accept that, notwithstanding our scheduling order and Loc. R. Civ. P. 7.1(c), he thought the response was due more than seven weeks after the motion was filed and one week before arbitration was scheduled in this case.

On this record, there is no evidence of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). As Wright & Miller summarize the jurisprudence under this part of the Rule,

> [R]elief will not be granted under Rule 60(b)(1) merely because a party is unhappy with the judgment. Instead the party must make some showing of why he was justified in failing to avoid mistake or inadvertence. Gross carelessness is not enough. Thus, relief has been denied based on the attorney's careless actions in misplacing papers in an office move, failing to discover service of process, mistakes in office procedures, failing to read a proposed settlement, losing track of time, or when the oversight was due to the "demands of being a busy lawyer." Ignorance of the rules is not enough, nor is ignorance of the law.

11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2858, pp. 276-80 (2d ed. 1995) (footnotes omitted). Against this jurisprudence, plaintiff's plea for Rule 60(b)(1)'s grace is hopeless.

Counsel was admittedly aware of our scheduling order of November 22, 2005 and the motion filed on March 22, 2006. Even

---

[2](...continued)
discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Since this subsection of Rule 60 does not apply here, we shall assume plaintiff's attorney meant to refer to Rule 60(b)(1), which allows us to grant relief for "mistake, inadvertence, surprise, or excusable neglect."

if we put aside our incredulity and accepted his representation that he did not view defendants' motion until April 12, 2006, there remains no excuse for him waiting <u>one month</u> to respond, and only after we rendered an eighteen-page decision.

On the record before us, counsel's professions of confusion about electronic service ring false. He agreed to a document that in simple English unqualifiedly committed him to accept service "by electronic transmission." Defendants could conclusively rely on this commitment when they properly rendered electronic service to him. Counsel did not make a simple mistake about deadlines. He ignored our Order and the Local Rules until it was convenient for him to file a response.

To grant relief based on the incredible excuses we have here would open the door to litigants to file motions and responses whenever it suited them. Courts cannot allow such whims from anyone, much less from members of the Bar.[3] To do otherwise would be to invite chaos.

Plaintiff is thus the least likely candidate for relief under Fed. R. Civ. P. 60. We therefore deny the motion.

BY THE COURT:

/s/ Stewart Dalzell, J.

---

[3] Besides being mindful of formal, written commitments he has filed with the Court, counsel should read, mark, learn, and inwardly digest Rule of Professional Conduct 3.3(a).

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JENNIFER KLASKE                  :    CIVIL ACTION
                                 :
        v.                       :
                                 :
SPHERION CORP., et al.           :
                                 :    NO. 05-5121
```

ORDER

AND NOW, this 12th day of May, 2006, upon consideration of plaintiff's motion for reconsideration of defendants' motion for summary judgment (docket no. 35), and for the reason set forth in the accompanying Memorandum, it is hereby ORDERED that plaintiff's motion is DENIED.

```
                        BY THE COURT:


                        /s/ Stewart Dalzell, J.
```